UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAYJUAN TREVION-WAYNE FLETCHER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JENNIFER REDMAN, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:24-cv-05216-JHC-TLF<br><br>ORDER ON DISCOVERY MOTIONS (DKTS. 30, 32) |

The District Court has referred this 42 U.S.C. § 1983 action filed by plaintiff Tayjuan Fletcher, proceeding *pro se,* to United States Magistrate Judge Theresa L. Fricke. Plaintiff is a state prisoner confined at Washington Corrections Center ("WCC"). Currently pending before the Court are defendants' motion to compel the deposition of plaintiff (Dkt. 30) and plaintiff's motion to continue discovery (Dkt. 32). The Court will discuss each motion in turn.

**A. Defendants' Motion to Compel (Dkt. 30)**

This Court's local rules explain that the meet-and-confer requirement entails "a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement." Local Rules W.D. Wash. LCR 1(c)(6), *see also* LCR 37(a)(1). If the movant fails to include such a certification, the Court may deny the motion without addressing the merits of the dispute. LCR 37(a)(1).

ORDER ON DISCOVERY MOTIONS (DKTS. 30, 32) - 1

The Court emphasizes the parties should resolve discovery issues by consultation and agreement. *See Beasley v. State Farm Mut. Auto. Ins. Co.*, No. C13–1106-RSL, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014); *Branch Banking & Tr. Co. v. Pebble Creek Plaza*, LLC, No. 2:12–cv–01737–GMN–NJK, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute"). But when the parties are unable to resolve a discovery dispute, the requesting party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

Depositions are governed by Rule 30 of the Federal Rules of Civil Procedure, which states that "[a] party may, by oral questions, depose any person, including a party, without leave of court" except in certain instances. Fed. R. Civ. P. 30(a)(1). Although Rule 30(a)(2)(B) requires leave of the Court to depose an individual confined in prison, this Court's local rules permit the deposition of a person in custody without the Court's leave under Local Rule 30(a)(2). The rule states:

> If a party wishes to take the deposition of a person in custody, the party shall attempt to reach agreement with officials of the institution as to date, time, place, and maximum duration of the deposition. If agreement is reached, the party taking the deposition shall give notice as provided in Fed. R. Civ. P. 30(b), and no further order of the court is required. If agreement is not reached, the party noting the deposition shall serve a notice, at least 14 days before the proposed deposition, on the deponent, all other parties, the superintendent of the institution, and the attorney for the institution (e.g., the Washington Attorney General for a state prisoner, or the United States Attorney for a federal prisoner). Not later than seven days before the proposed deposition, the attorney for the institution may file, serve and note a motion objecting to the proposed deposition. In that

event, the deposition shall not proceed until the court has ruled on the motion. In the absence of a timely motion, the deposition may proceed as noted without further order of the court.

The defendants filed a certification with their motion to compel, but counsel for defendants did not certify that she met and conferred with plaintiff in good faith. Defendants attempted to contact plaintiff via email on August 30, 2025, but based off the record before the Court, that was their only attempt at conferring with plaintiff before filing this motion. A single email does not constitute a good faith attempt to comply with the meet-and-confer requirement. Dkt. 31, Declaration of Allison Croft, at ¶4.

Further, defendants state they received a handwritten note from plaintiff on August 12, 2025, asking to meet and confer regarding discovery. *Id.* at Exhibit A. After being informed by DOC staff that they could not contact plaintiff directly, defendants set up a JPay/Securus account and attempted to contact plaintiff on August 30, 2025. *Id.* at ¶4. On that date, defendants sent plaintiff an email asking to set up plaintiff's deposition. *See id.* at Exhibit C. Defendants sent a stamp to plaintiff so he could respond and left defendants' counsel's office number so he could call. *Id.* at ¶4. Defendants state they have not heard from plaintiff about scheduling his deposition. *Id.* On September 9, 2025, defendants' counsel states she sent a Notice of Deposition to plaintiff noting his deposition for September 30, 2025. *Id.* at ¶5.

While defendants provided evidence that they consulted with DOC as to the proper procedure to communicate with plaintiff, it is unclear from defendants' evidence whether they attempted to reach an agreement with DOC staff about the date, time, place, and maximum duration of plaintiff's deposition. Without evidence that DOC agreed to the September 30, 2025, deposition, the notice of deposition that defendants

ORDER ON DISCOVERY MOTIONS (DKTS. 30, 32) - 3

served on plaintiff appears to be improper. And because defendants did not attach a copy of the September 9, 2025, deposition notice to their motion, it is unclear if plaintiff and all the other necessary individuals, including the superintendent of WCC, were properly served.

Thus, defendants' motion to compel plaintiff's deposition is denied without prejudice.

### B. Plaintiff's Motion to Continue Discovery and Request for Mental Health Evaluation (Dkt. 32)

On September 29, 2025, plaintiff moved to modify the discovery deadline because of his transfer from a King County Correctional Facility and the delay in receiving his documents at WCC. Plaintiff further requests the Court order his mental health evaluation.

Federal Rule of Civil Procedure Rule 16(b) allows extensions as follows: "(4) A schedule may be modified only for good cause and with the judge's consent." "... Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

The scheduling order shows the end of discovery date was August 28, 2025. Dkt. 29. Plaintiff states he has yet to receive his documents after he was transferred to WCC and he does not have a tablet. While defendants do not oppose plaintiff's request (Dkt. 33), plaintiff did not indicate how much additional time he requires to complete

ORDER ON DISCOVERY MOTIONS (DKTS. 30, 32) - 4

discovery. Plaintiff's move from King County to the Department of Corrections is a legitimate reason to modify the scheduling order; plaintiff's motion to modify the discovery deadline is granted. The Court will decide on a revised deadline when the new scheduling order is filed (the current scheduling order, Dkt. 29, is stricken, as discussed below).

As to the motion for a mental examination of plaintiff, Federal Rule of Civil Procedure 35(a) provides that when a party's mental or physical condition is "in controversy," the court may order an exam by a licensed professional, but only on "motion for good cause." Under Rule 35 the movant must establish *both* of two distinct elements, the "in controversy" and "good cause" requirements. *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). Defendants, in their response, state they "plan to conduct" a mental health evaluation of plaintiff under Rule 35. Dkt. 33.

Plaintiff alleges he was sexually assaulted multiple times while he resided at Green Hill School, put into solitary confinement, deprived from attending school and interacting with other children for months at a time, and has consequently developed schizophrenia and post-traumatic stress disorder. Dkt. 7. Given these allegations, plaintiff has put his mental health condition at issue.

Although the Court may eventually find such an evaluation would be appropriate, the motion for a mental evaluation is denied without prejudice; more information must be provided about the examination. Specifically, the Court requires more information about the nature and scope of the proposed neurological examination and the person conducting it. Defendants' response only states that they "plan to conduct" a mental health examination of plaintiff. But Rule 35(a) requires the Court's order to specify the

scope, manner, or conditions of the examination, as well as the person or persons who will perform it. Defendants must therefore provide this information before the Court will be able to decide the motion.

      In addition, considering the request to set plaintiff's deposition and the request for plaintiff to undergo a mental health evaluation, the Court (by separate order) has re-opened plaintiff's motion (previously denied without prejudice) to have an appointed pro bono attorney to represent him. Dkt. 14, 16. The Court hereby ORDERS the current case schedule is stricken, pending the Court's Order granting the plaintiff appointed counsel, and will make efforts to identify a pro bono attorney that would be able to represent plaintiff. The Court will issue a new scheduling order after the order to appoint pro bono counsel has been resolved.

      Dated this 30th day of October, 2025.

Theresa L. Fricke
United States Magistrate Judge

s\