UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAYJUAN TREVION-WAYNE FLETCHER,<br><br>                Plaintiff,<br>    v.<br><br>JENNIFER REDMAN, et al.,<br><br>                Defendants. | Case No. 3:24-cv-05216-JHC-TLF<br><br>ORDER GRANTNG PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. 14) |

The Court *sua sponte* re-opens plaintiff's motion for appointment of pro bono counsel. Dkt. 14. For the reasons discussed below, the court GRANTS plaintiff's request for counsel, contingent on the identification of counsel willing to represent plaintiff pro bono in this matter.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff "may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding in forma pauperis. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009). When determining whether exceptional circumstances exist, a district court must consider both the "likelihood of…success on

the merits" and whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor is dispositive, both must be viewed together. *Id*.

When plaintiff initially brought his motion for appointment of counsel in May of 2024, the Court denied plaintiff's motion without prejudice on the grounds that plaintiff had demonstrated a sufficient grasp of the legal issues involved, and at the time, there were no extraordinary circumstances warranting the appointment of counsel. Dkt. 16.

Since then, the Court has amended the pretrial scheduling order twice, and on October 30, 2025, the Court struck the current scheduling order. Dkts. 24, 29, 34. Plaintiff had stated he had yet to receive his documents after he was transferred to Washington Corrections Center and he did not have a tablet. Dkt. 32. The Court found that plaintiff's move from King County Jail to the Department of Corrections was a legitimate reason to strike the current the pretrial schedule. Dkt. 34.

In the same Order, the Court also analyzed the parties' request for plaintiff to undergo a mental health evaluation under Federal Rule of Civil Procedure 35. After considering the plaintiff's allegations of sexual assault at Green Hill School, solitary confinement, and deprivation from attending school and interacting with other children for months at a time, the Court found plaintiff has put his mental health condition at issue. The Court nonetheless denied the request for a Rule 35 examination without prejudice because essential information about the nature and scope of the proposed neurological examination and the person conducting it was not provided.

Considering plaintiff's stated mental health conditions, and the possibility of a Rule 35 evaluation, the Court finds that, for discovery and dispositive motion practice,

...

1   this case presents complex legal and factual aspects. For these reasons, the Court
2   finds that plaintiff's case is appropriate for the Court to request appointment of pro bono
3   counsel.
4       The motion for appointment of counsel, Dkt. 14, is GRANTED – contingent on
5   identifying a pro bono attorney who is available and willing to accept such an
6   appointment.
7       The Clerk shall identify an attorney or law firm from the Court's Pro Bono Panel
8   to represent plaintiff Tayjuan Trevion-Wayne Fletcher in this case. The scope of the
9   engagement will ultimately be between the attorney and the client. Mr. Fletcher is
10  advised that the Court cannot force any attorney to take this case, and it is possible that
11  a pro bono attorney will not be found, and that Mr. Fletcher will remain unrepresented. If
12  the Court cannot locate an attorney who is willing to provide representation, the Court
13  will notify the parties by a minute entry for the electronic docket, stating that the inquiry
14  was unsuccessful.

    Dated this 30th day of October, 2025.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTNG PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL (DKT. 14) - 3